NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ADELE VAN HASTE | |
| Plaintiff, | Civil Action No. 06-4637 (DRD)(MAS) |
| v. | |
| CORAM HEALTHCARE CORP. | **OPINION** |
| Defendant. | |

**SHIPP, United States Magistrate Judge**

## I. INTRODUCTION

The issue before this Court is Plaintiff's motion for reconsideration of the Court's Order denying an extension of time to serve affirmative expert reports. (Order Denying Mot. Extension, April 14, 2008.) Plaintiff asserts that if the motion for reconsideration is denied, Plaintiff will be unfairly denied the opportunity to provide expert testimony at the trial establishing the Defendant's disclosure requirements. (Pl.'s Br. Supp. Mot. 2, April 23, 2008.) For the reasons set forth below, Plaintiff's motion for reconsideration is denied.

## II. FACTUAL BACKGROUND

This is a whistle blower case brought by Plaintiff against her former employer, Coram Healthcare Corporation ("Coram"). Plaintiff was the Director of Coram's Patient Financial Services Center ("PFSC") in Totowa, New Jersey from January 2004 to September 2005. Plaintiff alleges that she was terminated because the Totowa PFSC experienced significant performance problems throughout 2004 and into 2005. (*See* Docket, Doc. No. 1.) In August 2006, Plaintiff filed a Complaint in New Jersey Superior Court, alleging a violation of the New Jersey Conscientious

Employee Protection Act, N.J.S.A. 34:19-1. (*See id.*) The case was removed to this Court on September 9, 2006.

During the February 4, 2008 Status Conference, the parties discussed the time period set for expert discovery. While this Court granted an extension of fact discovery, it was not inclined to extend the date for expert discovery, which was scheduled for April 14, 2008. On March 20, 2008, Plaintiff sought an extension of time to file an affirmative expert report regarding New York Medicaid expert testimony, alleging that there was good cause to extend the time for service of Plaintiff's expert report. (Pl.'s Br. ¶ 2.) Plaintiff alleged that she experienced difficulty in her efforts to identify a "suitable" Medicaid billing expert to testify on behalf of the plaintiff in this case. (*Id.*)

### III. DISCUSSION

In the Third Circuit, the standard that must be met in order for a motion for reconsideration to be successful is well established. A court should grant a motion for reconsideration when the moving party shows one of three circumstances: 1) there is newly available evidence; 2) there is a need to correct a clear error of law or prevent manifest injustice; or 3) there is an intervening change in the controlling law. *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).

> In satisfying its burden of demonstrating the need for reconsideration, the moving party must set forth concisely the matters or controlling decisions which the counsel believes the court has overlooked. A motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple. Further, the moving party must show more than mere disagreement with the court's decision and recapitulation of the cases and arguments considered by the court before rendering its original decision. A motion for reconsideration will only be granted if the moving party has provided the court with dispositive factual matters or controlling decisions of law which were overlooked . . . [A] motion for reconsideration is an extraordinary

2

> remedy that should be used sparingly and limited to exceptional circumstances.

*In re NJ Affordable Homes Corp.*, 2006 Bankr. LEXIS 1667, *9-*11 (Bankr. D.N.J. July 19, 2006) (internal citations omitted).

This Court considered Plaintiff's request for an extension of time to serve affirmative expert reports, Defendant's opposition to the request, and Plaintiff's reply when making its decision. The Court weighed Plaintiff's argument that it was difficult to find a New York Medicaid expert (*See* Docket, Doc. No. 21) and found it to be insufficient to warrant an extension. Plaintiff failed to raise any dispositive facts or identify any controlling law overlooked by this Court when it made the original determination denying the extension. Plaintiff has not presented any evidence that this Court made a clear error of law or that an intervening change in law has occurred since the denial of the request for an extension. A motion to reconsider is not appropriate to "ask the court to rethink issues already considered, rightly or wrongly," *In re NJ Affordable Homes Corp.*, 2006 Bankr. LEXIS at *10. In this case, Plaintiff asks the Court to reconsider her motion for an extension based on the same arguments already weighed by the Court.

## IV. CONCLUSION

For the reasons set forth above, the Court finds that Plaintiff's motion for reconsideration fails to meet the standard set in order to be successful in the Third Circuit. Plaintiff fails to show that either: 1) there is newly available evidence; 2) there is a need to correct a clear error of law or prevent manifest injustice; or 3) there is an intervening change in the controlling law. This Court has already considered the issue of granting Plaintiff's motion for an extension of time for expert discovery and has denied it. Courts will grant a motion for reconsideration only when the moving party provides the court with dispositive factual matters or controlling decisions of law which were

3

overlooked. Because Plaintiff has failed to meet the standard for reconsideration, Plaintiff's motion is DENIED.

Dated: July __25__, 2008

*Mashipp*

**HONORABLE MICHAEL A. SHIPP**
**UNITED STATES MAGISTRATE JUDGE**